UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ERIC S. SLEEZER,

                          Plaintiff,

              v.                                          1:26-cv-1086 (AMN/DJS)

GLOVERSVILLE POLICE DEPARTMENT,

                          Defendant.

---

APPEARANCES:                                    OF COUNSEL:

ERIC S. SLEEZER
24-R-1585
Marcy Correctional Facility
P.O. Box 3600
Marcy, New York 13403
Plaintiff *pro se*

Hon. Anne M. Nardacci, United States District Judge:

## MEMORANDUM-DECISION AND ORDER

### I.     INTRODUCTION

On May 12, 2026, plaintiff *pro se* Eric S. Sleezer ("Plaintiff") commenced this action against the Gloversville Police Department ("Defendant") alleging various claims arising from a mental health situation involving Plaintiff's son.  Dkt. No. 1 ("Complaint").  Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP").  Dkt. No. 3.

This matter was referred to United States Magistrate Judge Daniel J. Stewart, who granted Plaintiff's request to proceed IFP and reviewed the Complaint pursuant to 28 U.S.C. § 1915.  Dkt. No. 8 at 1 ("Report-Recommendation").[1]  On June 2, 2026, Magistrate Judge Stewart

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

recommended that this Court dismiss the Complaint with leave to amend. *Id.* at 6. Pursuant to 28 U.S.C. § 636(b)(1), Magistrate Judge Stewart advised that the parties had fourteen days within which to file written objections and that failure object to the Report-Recommendation within those fourteen days would preclude appellate review. *Id.* at 18. No party has filed objections, and the time for filing objections has expired.

For the following reasons, the Court adopts the Report-Recommendation except as to whether to grant leave to amend.

## II.     STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See id.* at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations

omitted).  The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal[.]"  *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022).  After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

### III.    DISCUSSION

Because no party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Stewart recommended that this Court dismiss the Complaint for three reasons.  First, Magistrate Judge Stewart recommended dismissal because the Complaint only brings claims against the Gloversville Police Department, which is not an independent, suable entity separate from its municipality.  Dkt. No. 8 at 4 (citing *Krug v. Cnty. of Rennsalaer*, 559 F. Supp. 2d 223, 247 (N.D.N.Y. 2008)).  Second, liberally construing the Complaint to assert a claim against the municipality of Gloversville pursuant to *Monell v Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), Magistrate Judge Stewart found that the Complaint failed to allege any unconstitutional policy resulting in harm.  Dkt. No. 8 at 4-5 (citing *Arnold v. Town of Camillus, New York*, 662 F. Supp. 3d 245, 259 (N.D.N.Y. 2023) and *Beckwith v. City of Syracuse*, 642 F. Supp. 3d 283, 293 (N.D.N.Y 2022)).  Third, Magistrate Judge Stewart found that the Complaint does not clearly assert whether Plaintiff himself was harmed or just Plaintiff's son.  *Id.* at 5.  As

such, Magistrate Judge Stewart noted that parents not admitted to the bar may not bring a *pro se* action in federal court on behalf of their children. *Id.* at 6 (citing *Tindall v. Pultney High Sch. Dist.*, 414 F.3d 281, 284-85 (2d Cir. 2005)).

Finally, in consideration of Plaintiff's *pro se* status, Magistrate Judge Stewart recommended that the Court grant Plaintiff leave to amend and further advised Plaintiff that any such amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. *Id.* at 6. The Court notes that on June 15, 2026, Plaintiff submitted a letter acknowledging the Report-Recommendation and stating that "[t]here will be no need to amend this" because Plaintiff's son has since been provided access to medical care, the lack of which was the subject of the Complaint. Dkt. No. 9 at 1. Because Plaintiff's letter states that the matter is now moot, the Court accordingly denies leave to amend.

After reviewing the Report-Recommendation and considering Magistrate Judge Stewart's findings, the Court finds no clear error in the Report-Recommendation. Accordingly, the Court adopts the Report-Recommendation except as to leave to amend.

## IV.    CONLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiffs' Complaint, Dkt. No. 1, be **DISMISSED without prejudice and without leave to amend**; and the Court further

**ORDERS** that the Clerk close this case; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 15, 2026
      Albany, New York

_____
Anne M. Nardacci
U.S. District Judge

4